### PAVERO v. HOWARD.

#### (Supreme Court, Appellate Term. May 23, 1905.)

ACCOUNT STATED—EVIDENCE—SUFFICIENCY.

    In an action on an account stated, evidence *held* insufficient to justify a finding that an account was stated.

Appeal from City Court of New York, Trial Term.

Action by Raffaele Pavero against Marjorie Howard. From a judgment for plaintiff and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before SCOTT, P. J., and TRUAX and DOWLING, JJ.

Denis A. Spellissy, for appellant.

Eugene L. Parodi, for respondent.

SCOTT, P. J. The motion for a new trial should have been granted. The plaintiff sued upon two causes of action—one for an account stated of $91.89, said to have been agreed to on or about February 15, 1901, and the other for goods sold between November 2, 1903, and April 18, 1904, amounting to $106.70. The plaintiff's evidence, consisting of the testimony of himself, his wife, and his employés, was most unsatisfactory and unconvincing. As to the account stated, plaintiff seeks to establish it by showing that he, or some one in his behalf, repeatedly asked defendant to pay the amount, and that she said she would do so. His own testimony is that he asked her for it "three or four years ago," but the specific time is not stated. The witness Blum testified that in February, 1901 (the account is alleged to have been stated February 15, 1901), he presented a bill to defendant, and that she promised to call down and pay it; but the amount of this bill is put at $70, not $91.86. The plaintiff's wife testified only to demands made in 1904, and she left it most uncertain whether the amount then demanded was $90 or $106. Finally it was testified to by defendant and admitted by plaintiff that in April, 1902, defendant paid $33.99; and this was, as defendant said, in full for everything she then owed. This sort of evidence is altogether too vague and

uncertain to warrant a finding that there was an account stated between the parties. The claim made by the second cause of action was supported by doubtful evidence. Defendant owned a building used as a hotel or lodging house, with bar and kitchen. Up to about the time the account sued for in the second cause of action began to run, defendant had managed the entire establishment; but in October or November, 1903, defendant leased the kitchen, saloon, and bar to one O'Connor, who ran it during the whole time covered by the second cause of action. He ran a free lunch counter, and used meat furnished by plaintiff. The defendant's contention is that all or at least the greater part of the goods sued for was delivered to and used by O'Connor. The plaintiff's evidence of order and delivery shows that he has kept little account as to whom he delivered the meat, and there seems to be some foundation for the defendant's contention in regard thereto. The charge to the jury was very brief, and gave little instruction as to what must be made to appear in order to establish a claim of account stated. On the whole, I think that the judgment and order appealed from should be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment and order reversed and new trial granted, with costs to appellant to abide the event. All concur.